IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAN ROSZYCKA,                          *
    Plaintiff,
                                       *
v.                                     CIVIL ACTION NO. DKC-09-3210
                                       *
J. D. WHITEHEAD,
    Defendant.                         *
******

JAN ROSZYCKA,                          *
    Plaintiff,
                                       *
v.                                     CIVIL ACTION NO. DKC-09-3225
                                       *
UNITED STATES OF AMERICA, et al.,
    Defendants.                        *
******

## **MEMORANDUM OPINION**

On December 2, 2009, the court received a complaint filed under the Federal Tort Claims Act ("FTCA") from Plaintiff Jan Roszycka, an inmate then incarcerated at Federal Correctional Institution in Cumberland, Maryland,[1] concerning personal property had been lost or destroyed during his incarceration. Plaintiff named then Warden J.D. Whitehead as the sole Defendant. Paper No. 1, Civil Action No. DKC-09-3210.

On that same date, Plaintiff filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against the United States of America, FCI-Cumberland Counselor Duvall, and FCI-Cumberland Correctional Officers Kline, Smith, and Bennett . Paper No. 1, Civil Action No. DKC-09-3225. Plaintiff complained that on August 14, 2008, he was advised that because he had failed to make a timely Financial

---

[1] Plaintiff has been transferred to a federal prison located in McRae, Georgia.

1

Responsibility Program payment he was being moved to a three-man cell as a punitive measure. Plaintiff states that the three-man cell to which he was assigned housed inmates with whom he did not get along and he advised his counselor of same. Plaintiff was told by Duvall that he was to move into the cell despite his concerns. Duvall later wrote an incident report stating that Plaintiff had refused his cell assignment. As a result, Plaintiff was taken to the Special Housing Unit ("SHU"). His property was packed by Correctional Officer Smith in clear plastic trash bags, rather than green army duffel bags which Plaintiff states inmate property is typically packed in. Smith gave Plaintiff's property to Correctional Officer Kline, who took Plaintiff's property to the SHU and placed it in the sally port. When Plaintiff was released from the SHU on September 3, 2008, he discovered that his property was missing. Paper No. 1, Civil Action No. DKC-09-3225

Because the two complaints center around the loss of the same property, they shall be consolidated for dispositive review.

Defendant Whitehead has filed a Motion to Dismiss. Paper No. 7, Civil Action No. DKC-09-3210. Defendants Bennett, Duvall, Kline, Smith, and United States of America have filed a Motion to Dismiss or in the alternative, Motion for Summary Judgment. Paper No. 10, Civil Action No. DKC-09-3225. Plaintiff has replied. Paper No. 11, Civil Action No. DKC-09-3210 and Paper No. 12, Civil Action No. DKC-09-3225. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the dispositive motions filed by Defendants will be granted.

**Standard of Review**

**A.   Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not

2

require Defendants to establish "beyond doubt" that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.   Motion for Summary Judgment**

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her

favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

**A.     Failure to Exhaust**

The court must first examine Defendants' assertion that Plaintiff's constitutional claims should be dismissed in their entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative

grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Id*. at 530; *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review); *see e.g. Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process).

The administrative remedy procedure in place at FCI-Cumberland involves the following steps: (1) if the inmate is unable to resolve an issue informally, he files a written complaint with the Warden of the institution; (2) the Warden's response is appealed to the Regional Director within 20 days of the warden's response; and (3) if the inmate is still not satisfied he may appeal to the Office of General Counsel in Washington, D.C. within 30 days of the date of the Regional Director's response. *See* 28 C.F.R. § 542.10, *et seq.*

Plaintiff failed to file any administrative remedy request regarding his allegations surrounding his being placed in the SHU or his complaints regarding payments under the Inmate Financial Responsibility Program. Paper No. 10, Ex. 1, Attachment A, Civil Action No. DKC-09-3225.

On November 6, 2008, Plaintiff filed administrative remedy number 514919-F1 regarding the loss of his personal property. The remedy was answered by the Warden on January 8, 2009. On January 20, 2009, Plaintiff filed an appeal of the Warden's response to the Regional Office. The

appeal was denied by the Regional Office on February 20, 2009, and Plaintiff was advised he could appeal to the Central Office's General Counsel within 30 days. Plaintiff did not file an administrative remedy with the Central Office.[2] *Id.*

There is no evidence Plaintiff sought and was denied an administrative remedy form for the complaints alleged here. Nor is there an allegation or evidence that he completed an administrative remedy request and submitted it to prison staff, but the request was never acted upon or delivered to the proper official. Rather, Plaintiff unilaterally decided to abandon completion of his administrative remedies. As such, Plaintiff's *Bivens* claims are subject to dismissal.[3]

**B.     Federal Tort Claims Act**

Generally, under the FTCA, the United States is liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b) (1994). As a waiver of sovereign immunity, however, the FTCA is to be narrowly construed. *See United States v. Nordic Village, Inc.*, 503 U. S. 30, 34 (1992). There are exceptions to the scope of the waiver. For instance, immunity is not waived for any claim based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Another exception to the waiver of sovereign immunity exists for the detention of property by any law enforcement officer. Under 28 U.S.C. §2680(c):

---

[2] As discussed below, Plaintiff did file an administrative tort claim under the Federal Tort Claims Act regarding the loss of his property. Such a filing of an administrative tort claim does not, however, satisfy the separate exhaustion requirements under the PLRA for a *Bivens* action. *See Nwaokocha v. Sadowski*, 369 F. Supp.2d 362, 368 (E.D. N.Y. 2005) (finding filing of administrative tort claim does not excuse prisoner's failure to meet the separate exhaustion requirement for a *Bivens* claim under the PLRA.) *See also Clay v. United States*, 2006 WL 2711750, at *12 (E.D.,Ky.)

[3] Unlike the circumstances in *Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to have frustrated Plaintiff's attempts at exhaustion.

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or *any other law enforcement officer*, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if-
>> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>> (2) the interest of the claimant was not forfeited;
>> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
>> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

The Supreme Court has construed "any other law-enforcement officer" to include Federal Bureau of Prisons correctional officers. *See Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 227-28 (2008). Furthermore, as explained in *Ali*, the exception to the exception only applies when the property is "seized for the purpose of forfeiture." Petitioner's property was not seized for the purpose of forfeiture, and, thus, 28 U.S.C. § 2680(c) preserves sovereign immunity for his claim against law-enforcement officers arising with respect to the detention of property.

Plaintiff's claim against Federal Bureau of Prisons correctional officers for loss of his property must be dismissed.

**Conclusion**

Defendants' dispositive motions are granted. Judgment shall be entered in favor of Defendants and against Plaintiff. A separate order follows.

\_\_7/21/2010\_\_\_  _____/s/_____
Date  DEBORAH K. CHASANOW
  United States District Judge